IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JULIA C. MURRAY<br>Plaintiff<br>vs<br>MARS CHOCOLATE NORTH AMERICA, LLC<br>Defendant | CIVIL 12-1956CCC |

**OPINION AND ORDER**

Plaintiff Julia C. Murray ("Murray") alleges to have sustained an injury to one of her right upper molars while eating the contents of a "fun size" pack of peanut M&M's that purportedly contained a hard piece of plastic. (Docket No. 1). The complaint against Mars Chocolate North America, LLC ("Mars"), based on diversity jurisdiction, claims $100,000.00 in damages as compensation for: (1) a fracture to the root and crown of the fourth right upper molar that requires a titanium implant costing approximately $3,000.00; (2) "a constant sharp pain" in the molar since the incident due to financial inability to obtain the requisite oral surgery; (3) the inability "to eat her daily bag of M&M's because she is simply terrified of biting into another foreign object" and; (4) "a deep sense of desperation and mental anguish" caused by the incident. (Docket No. 1). Before the Court is a Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction (**docket entry 7**), filed on February 22, 2013, alleging a failure to meet the amount-in-controversy requirement.

**I.   LEGAL STANDARD**

Pursuant to 28 U.S.C.A. § 1332(a), federal courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and there is diversity of citizenship. The

CIVIL 12-1956CCC                    2

amount-in-controversy requires a minimum claim for damages of $75,000 in order "[t]o ensure that diversity jurisdiction does not flood the federal courts with minor disputes."  Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005).  See Iglesias v. Mut. Life Ins. Co. of New York, 918 F. Supp. 31, 37 (D.P.R. 1996) (emphasizing that "[t]he minimum amount set forth in 28 U.S.C. § 1332(a) is an essential jurisdictional requirement and failure to meet this threshold demands dismissal.").  A plaintiff seeking to invoke diversity jurisdiction has "the burden of showing that their claims meet the amount-in-controversy requirement."  Stewart v. Tupperware Corp., 356 F.3d 335, 338 (1st Cir. 2004).  Federal courts apply the long-standing test established by the Supreme Court in St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938), that "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."

"Unless challenged by the opposing party or the court, a plaintiff's general allegation that the dispute exceeds the jurisdictional minimum is sufficient to support jurisdiction."  Dep't of Recreation & Sports of Puerto Rico v. World Boxing Ass'n, 942 F.2d 84, 88 (1st Cir. 1991).  Once the amount of damages alleged is challenged, however, "the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount."  Id. See also Stewart, 356 F.3d at 338 (same); Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001) (same); Hardemon v. City of Boston, 144 F.3d 24, 26 (1st Cir. 1998) (finding that "once diversity jurisdiction has been challenged, the burden shifts from merely averring the amount in controversy to substantiating the amount in controversy.").  This may be done "by amending the pleadings or by submitting affidavits" in order to adequately

CIVIL 12-1956CCC                    3

substantiate the amount-in-controversy requirement.  <u>Dep't of Recreation & Sports of Puerto Rico</u>, 942 F.2d at 88.  A suit must be dismissed "if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount." <u>St. Paul</u>, 303 U.S. at 289.

**II.    ANALYSIS**

The defendant argues that plaintiff's complaint fails to meet the amount-in-controversy required for diversity jurisdiction.  (Docket No. 7). Plaintiff avers that she has "pleaded in good faith in her complaint that she has suffered $100,000.00 resulting from the damage to her teeth and the pain, suffering and mental anguish suffered as a result of having bitten into a piece of hard plastic packaged by defendant in a peanut M&M's bag." (Docket No. 13). "Where the opposing party has contested the alleged amount in controversy, the 'sufficient particularity' standard requires something more than a plaintiff's conclusory statements." <u>Abdel-Aleem v. OPK Biotech LLC</u>, 665 F.3d 38, 45 (1st Cir. 2012).

In the Opposition to defendant's Motion to Dismiss, plaintiff merely restates what she pleaded in her complaint and cites to <u>Stewart</u>, 356 F.3d at 340.  The cases highlighted therein are easily distinguishable from the case at point.  For instance, in <u>Havinga v. Crowley Towing and Transp. Co.</u>, 24 F.3d 1480 (1st Cir. 1994), plaintiffs were awarded substantial monetary damages for pain and suffering and loss of capacity for enjoyment of life, after their boat was toppled by a barge and they were left waiting for rescue in shark infested waters at night.

CIVIL 12-1956CCC                               4

      This District has applied an "objective analysis"[1] to determine good-faith in the amount-in-controversy context, Tirado-Toro v. Builder's Square, Inc, 986 F. Supp. 714, 716 (D.P.R. 1997), whereby it must consider "[w]hether anyone familiar with the law applicable to [the] claim could objectively view the claim as being worth the jurisdictional minimum." See Raya Rodriguez v. Sears, Roebuck, 349 F. Supp. 2d 211, 213 (D.P.R. 2004) *opinion reinstated on reconsideration sub nom*. Raya-Rodriguez v. Sears Roebuck Co., 389 F. Supp. 2d 275 (D.P.R. 2005) (explaining that "the proof offered by the plaintiffs must persuade the Court that someone familiar with the applicable law could objectively find the claim worth more than the jurisdictional minimum, otherwise dismissal must follow."). In Tirado Toro, the Court found that the damage suffered by plaintiff who injured his head on the edge of defendant's aluminum tent when he tripped on a crane, did not meet the jurisdictional minimum, noting that "[a]lthough the wound [which required 14 stitches] was no doubt physically painful and emotionally distressful . . . no reasonable jury could determine that Plaintiff's injury would be justly compensated by $75,000.00." 986 F. Supp at 716. But see Phillips v. Fox Ridge Resort, Civ. 02-586-B, 2003 WL 22018895 (D.N.H. Aug. 22, 2003) (finding that plaintiff, who suffered a severe laceration to her calf, infection and required nine months of treatment, provided medical bills of over $12,000.00, plus "[h]er lost wages, pain and suffering, permanent scarring and other damages could, objectively speaking, meet the minimum $75,000.").

---

    [1]See Esquilin-Mendoza v. Don King Prods., Inc., 638 F.3d 1, 4 (1st Cir. 2011); Coventry Sewage Associates v. Dworkin Realty Co., 71 F.3d 1, 6 (1st Cir. 1995).

CIVIL 12-1956CCC                                  5

     Assuming that the allegations in the complaint are true and viewing them in the light most favorable to the plaintiff in this case, under an "objective analysis" no reasonable jury would conclude that the constant sharp pain and the suffering caused by her inability to enjoy her daily bag of M&M's, would amount to more than the jurisdictional minimum.  We conclude that plaintiff has failed to meet her burden because viewed objectively the pain and suffering associated with the incident cannot fill the gap between the $3,000.00 cost of oral surgery and the $75,000.00 jurisdictional minimum.  Cf. Rosario Ortega v. Star-Kist Foods, Inc., 370 F.3d 124, 129-30 (1st Cir. 2004) (rev'd on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546 (2005) (finding that even if plaintiff could claim $25,000 for future medical expenses for her daughter, the emotional distress she suffered when her daughter cut her finger on a can of Star-Kist tuna and needed surgery, was insufficient to fill the gap between the medical expenses and the $75,000 jurisdictional minimum).

     Unlike other cases where the jurisdictional minimum has been met, plaintiff has not suffered a permanent injury that requires prolonged medical treatment.  See Chin v. Holiday Cruises II, Inc., 141 F.R.D. 367, 370 (D. Mass. 1992) (finding that plaintiff, who suffered a slip and fall, and alleged in her complaint severe injuries resulting in permanent disability, and damages to her ability to enjoy life, and bodily and mental pain, met the amount in controversy).  Furthermore, we find that Plaintiff claims of emotional distress and suffering as a result of failure to eat her daily bag of M&M's are clearly distinguishable from other cases in this jurisdiction.  See Stewart, 356 F.3d at 340 (finding that plaintiff's physical injuries from a car crash, "that resulted in permanent impairment to their bodily functions" and emotional distress

CIVIL 12-1956CCC                    6

caused by "spending their honeymoon in a hospital . . . being unable to breast feed their first child, and being unable to have intimate contact with one another" met the amount in controversy requirement).

The plaintiff in this case has had ample opportunity to amend the pleadings and/or submit affidavits and has chosen not to do so. See Gomez v. Kmart Corp., Civ. A. 13-11242-LTS, 2013 WL 4828245 (D. Mass. Sept. 9, 2013) (dismissing the case because plaintiff did not present particularized facts, either through amendments of the complaint or by affidavit, to substantiate her claim for pain, suffering and emotional distress).  Moreover, like in Abdel-Aleem, we note that  plaintiff's "lack of substantiation contrasts with our cases upholding diversity jurisdiction on the basis of the minimum amount in controversy."  665 F.3d at 43.  See Stewart, 356 F.3d at 338 (finding that plaintiffs' written interrogatories, medical reports and psychological evaluations documenting their physical and emotional trauma caused by the injuries they sustained and submitted after defendant's challenge to the amount-in-controversy satisfied plaintiffs' burden of proof); King v. York Golf & Tennis Club, 230 F. Supp. 2d 123, 125 (D. Me. 2002)  (holding that plaintiff who submitted  an "affidavit in which she set[] forth the details of the incident giving rise to her injury, the treatment she sought, the period of time during which she was disabled, the ongoing effects of the injury and the medical costs she ha[d] incurred to date ($10,149.18)" along with copies of her medical bills, and who further reported costs of around $30,000 for future medical bills, and lost wages due to disability, and claimed emotional distress and pain and suffering, "would prevent [the] court from concluding to a legal certainty that she could not recover more than $75,000.").

CIVIL 12-1956CCC                              7

## III.  CONCLUSION

Based on the circumstances outlined above, the Court finds that plaintiff has failed to show with sufficient particularity that it is not a legal certainty that her claim involves less than $75,000.00.  Accordingly, the defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (**docket entry 7**) is hereby GRANTED and plaintiff's claims are DISMISSED, without prejudice, pursuant to Fed. R. Civ. P. 12(b)(1) for failure to meet the jurisdictional amount.

SO ORDERED.

At San Juan, Puerto Rico, on July 31, 2014.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge